JAMES MANSFIELD, Respondent, v. THE BANK OF MONETT et al., Appellant.

St. Louis Court of Appeals, March 15, 1898.

1. **Equity:** SUFFICIENCY: DEMURRER. A demurrer to the petition for failure to state a cause of action for equitable relief should have been sustained wherein the petition, in substance, is that the bank was under the control of a board of directors elected by the majority of its stock owned by the president and cashier, and on the twenty-seventh day of July, 1896, its stock was reduced by the board of directors, while worth its par value, from $25,000 to $12,500; that on the same day the bank, through its cashier, paid its stockholders $17 on each $100 of their respective shares of stock, and executed its deposit tickets for a like amount to the various stockholders of the bank, payable January 1, 1897. Plaintiff sues on one of these certificates and further charges that the reduction of the stock of the bank resulting as above stated was had in violation of the statutes of this state, and at a time when the bank was solvent. The petition further charges mismanagement of the affairs of the bank by the president and cashier, and prays for a receiver and full equitable relief.

2. **Pleading:** PRACTICE. Plaintiff can not recover the fruits of an illegal transaction, and at the same time and in the same suit obtain the benefits of a decree annulling the transaction.

*Appeal from the Barry Circuit Court.*—HON. JNO. C. LAMSON, Judge.

REVERSED AND REMANDED (*with directions*).

A. V. DARROCH and W. CLOUD for appellant.

The only consideration for issuing the certificates of deposit by the cashier, was the unauthorized and unlawful action of the board of directors, for which defendant bank was not liable. R. S. 1889, sec. 2756. The causes upon which the plaintiff recovered were actionable at law and had no connection with the matters upon which he asked equitable relief. Hence

the demurrer should have been sustained for this reason. The other stockholders had no interest in plaintiff's recovering judgment against defendant bank.

JOSEPH FRENCH for respondent.

While the acts of the directors in cutting down the capital stock from $25,000 without giving proper notice or without complying with the provisions of the statutes in such cases was an irregularity that would justify and warrant the court in appointing a receiver, yet it would not be a reason why the bank would not be responsible for the amount of the certificates of deposit that it issued; and if it did not issue its certificates regularly it would not be permitted to take advantage of its own wrong. 2 Beach on Modern Law Contracts, sec. 925.

BOND, J.—The petition purports to state a cause of action for equitable relief. The substance of its allegations is that the bank was under the control of a board of directors elected by the majority of its stock owned by the president and cashier, and on the twenty-seventh of July, 1896, its stock was reduced by the board of directors, while worth its par value, from $25,000 to $12,500; and that on the same day the bank, through its cashier, paid its stockholders $17 on each $100 of their respective shares of stock, and executed its deposit tickets for a like amount to the various stockholders of the bank, payable January 1, 1897. Plaintiff sues on one of these tickets, made out in his favor, for $306, and also on one for $170 issued to Ida L. Shipley, and assigned to the plaintiff. Plaintiff further charges in his petition that the reduction of the stock of the bank resulting as above stated, was had in violation of the statutes of this state, and at a time when the bank was solvent. He further

charges mismanagement of the affairs of the bank by the president and cashier, and prays for a receiver and full equitable relief. A receiver was appointed in vacation, and on motion of defendants the appointment was revoked and set aside. Thereafter in term defendants demurred to the bill, and refusing to plead over, after the overruling of their demurrer, the court rendered a personal judgment in favor of plaintiff for the sum of the two certificates sued on. The petition was filed on behalf of plaintiff and all other stockholders, except the president and cashier, who were joined as codefendants. The bank appealed.

The demurrer to this petition for failure to state a cause of action for the relief prayed should have been sustained. According to the theory of the petition, the certificates sued upon were issued in consequence and as a part of the alleged illegal reduction of the stock of the bank. If this be true, the certificates were, not supported by any valid consideration and afford no basis for a recovery.

Again, plaintiff seeks to recover upon the certificates and at the same time attacks the transaction upon which they were issued for illegality, and asks for equitable relief against it and the appointment of a receiver to wind up the business of the bank. These two positions are repugnant. Plaintiff can not recover the fruits of an illegal transaction, and in the same suit obtain the benefits of a decree annulling the transaction. It is well settled that parties can not take inconsistent positions in the same action, and the demurrer to plaintiff's petition might well have been sustained on this ground.

Moreover, according to the finding and judgment of the court, plaintiff was only entitled to recover upon the two certificates sued upon. These presented mat-

ters of purely legal cognizance, and of themselves gave plaintiff no right to ask for equitable relief.

It is clear, therefore, that the demurrer to the petition in this case was well taken, on the ground that plaintiff had a complete and adequate remedy at law for the matters and things found in his favor in the judgment of the court. The result is that the judgment herein rendered will be reversed and the cause remanded with directions to the trial court to sustain the demurrer to the petition, and to permit plaintiff to amend his petition, if he is so advised. All concur, Judge BIGGS in the result only.